UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 21-201 JGB (KKx)** | Date | August 5, 2021 |
| Title | *Raymond N. Rayes v. Novartis Pharmaceuticals Corporation, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):          Attorney(s) Present for Defendant(s):

None Present                                                    None Present

**Proceedings:**    Order (1) DENYING Plaintiff's Motion for Reconsideration (Dkt. No. 47); and (2) VACATING the August 9, 2021 Hearing (IN CHAMBERS)

Before the Court is a Motion for Reconsideration filed by Plaintiff Raymond N. Rayes. ("Motion," Dkt. No. 47.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court DENIES the Motion. The Court vacates the hearing set for August 9, 2021.

## I.   BACKGROUND

This is a personal injury lawsuit brought against the pharmaceutical company that manufactures the drug Beovu. On January 22, 2021, Plaintiff Raymond N. Rayes filed a complaint, which he amended on March 29, 2021. ("Complaint," Dkt. No. 1; "FAC," Dkt. No. 25.) The FAC alleged four causes of action: (1) failure to warn; (2) negligence; (3) fraudulent misrepresentation; and (4) negligent misrepresentation. (See FAC.)

On April 12, 2021, Defendant Novartis Pharmaceuticals Corporation ("Novartis") filed a motion to dismiss. (Dkt. No. 36.) The Court granted the motion and dismissed the FAC without leave to amend on June 11, 2021. (Dkt. No. 46.)

On June 25, 2021, Plaintiff filed the Motion. Defendant opposed on July 19, 2021. ("Opposition," Dkt. No. 54.) Plaintiff has also filed a notice of appeal to the Ninth Circuit. (Dkt. No. 52.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides for relief from a final judgment, order, or proceeding upon a showing of the following:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In this district, motions for reconsideration are also governed by Central District Local Rule 7–18. "Courts in this district have interpreted Local Rule 7-18 to be coextensive with Rules 59(e) and 60(b)." Tawfilis v. Allergan, Inc., 2015 WL 9982762, at *1 (C.D. Cal. Dec. 14, 2015). Local Rule 7-18 provides that a motion for reconsideration of the decision on any motion may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L. R. 7-18. "Unhappiness with the outcome is not included within the rule; unless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration." Roe v. LexisNexis Risk Sols. Inc., 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013).

## III. DISCUSSION

Plaintiff moves for reconsideration on the following grounds: (1) the Court improperly applied Buckman Co. v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001); (2) Plaintiff now possesses complete Adverse Event Reports from the FDA, which constitute newly acquired information; (3) the Court failed to analyze Plaintiff's warnings claims; (4) the Court did not

apply California law concerning Defendant's continuing duty to warn; and (5) the Court failed to assess Plaintiff's negligence cause of action based on a failure to adequately test Beovu. (Motion.)  However, as Defendant identifies, these arguments do not fit within the confines of Local Rule 7-18.

### A.  The Adverse Event Reports Are Not Newly Acquired Information

Plaintiff's primary argument for reconsideration is that following the conclusion of briefing on Defendant's motion to dismiss, Plaintiff received from the FDA a partial production of adverse event reports related to Beovu. (Motion 4.)  Plaintiff argues that these reports constitute "newly acquired information" for the purposes of Local Rule 7-18.  However, he admits—as he must—that the reports "were expressly referenced in Plaintiff's FAC." (Motion 5 n.10.)

If Plaintiff's new Adverse Event Reports were expressly referenced in the FAC, they are not the kind of new information which constitute either "a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision," or "the emergence of new material facts or a change of law occurring after the time of such decision." L.R. 7-18.  To the contrary, if these reports are fuller versions of the ones referenced in the FAC, the Court explicitly considered them as "[t]he only genuinely new information" provided to the FDA before Plaintiff took Beovu. (Dkt. No. 46 p. 7.)  Information actually presented to and considered by the Court is neither new nor proper grounds for reconsideration.

### B.  Plaintiff's Other Arguments Are Not Grounds for Reconsideration

Local Rule 7-18 is explicit: "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion."  All of Plaintiff's remaining arguments were featured in his opposition to Defendant's motion to dismiss and have already been considered by the Court. (See "Original Opp." Dkt. No. 39.)

Plaintiff's argument that <u>Buckman</u> does not apply to this case appears in essentially the same form in both the Motion and Plaintiff's Original Opposition to Defendant's motion to dismiss. (<u>Compare</u> Motion 2-4 <u>with</u> Original Opp. 19-22.)  Likewise with Plaintiff's argument regarding his warnings claims—Plaintiff acknowledges his own arguments as being "specifically discussed" in prior briefing. (<u>See</u> Motion 6, "Plaintiff's brief in Opposition to Novartis' Motion to Dismiss specifically discussed these as distinctive claims that should survive Novartis' dismissal attempts.")  The same is true of Plaintiff's argument that the Court did not apply California law concerning Defendant's continuing duty to warn. (<u>Compare</u> Motion 7-8 <u>with</u> Original Opp. 10 n.49)  Finally, the same is true of Plaintiff's argument that the Court did not properly assess his failure to test claim. (<u>Compare</u> Motion 8-9 <u>with</u> Original Opp. 21-22.)

//
//

## IV. CONCLUSION

For the reasons above, the Court DENIES Plaintiff's Motion. The August 9, 2021 hearing is VACATED.

**IT IS SO ORDERED.**